United States District Court
Eastern District of Texas
Beaumont Division

| | |
|---|---|
| United States of America, plaintiff<br>v.<br>Sidney Worrell, defendant | Criminal Number 1:17-CR-00153-TH |

Defendant Worrell's Motion to Suppress Wiretap Evidence
And Memorandum in Support

Defendant Sidney Anthony Worrell, by and through the undersigned attorney, moves the Court to suppress all fruits of the interception of wire communications of his cellular phone because the interception orders are facially insufficient.

**Facts**

The orders fail to identify the high-level Justice Department official who approved the wiretap applications as required by 18 U.S.C. § 2518(4)(d). The orders state only that the applications were "authorized by a duly designated official of the Criminal Division, United States Department of Justice pursuant to the power delegated to that official by special designation of the Attorney General of the United States under the authority vested in him by 18 U.S.C. § 2516 …".

**DISCUSSION**

I. **RELEVANT STATUTORY PROVISIONS**

The use of wiretaps and evidence obtained therefrom is governed by Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III), codified at 18 U.S.C. § 2510 *et seq*. Under Title III, a judge may authorize a wiretap by law enforcement officers provided that the court order authorizing the interception includes certain specific information. *Id*. § 2518(4)(a)–(e), (5). Under § 2518(4)(d) the order must specify the identity of the high-level Justice Department official who approved the wiretap application. *Id*.

Title III includes its own exclusionary mandate. Title III prohibits the use of wiretap evidence in any trial "if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515. Pursuant to § 2518(10)(a), any "aggrieved person" may move to suppress "the contents of any wire or oral communication intercepted ... or evidence derived therefrom" on the grounds that:

> (i) the communication was unlawfully intercepted;
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
> (iii) the interception was not made in conformity with the order of authorization or approval.

*Id*. § 2518(10)(a)(i)–(iii).

2

## II. Each wiretap order is "insufficient on its face" under § 2518(10)(a)(ii) because it fails to identify the Justice Department official who approved the underlying application.

To determine whether a wiretap order is facially insufficient, a reviewing court must examine the four corners of the order and establish whether, on its face, it contains all that Title III requires it to contain. *United States v. Chavez*, 416 U.S. 562, 573–74, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974); *United States v. Giordano*, 416 U.S. 505, 525 n. 14, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). In *Chavez,* the Supreme Court held that a wiretap order was facially sufficient even though it named the Assistant Attorney General as the official who authorized the wiretap application but extrinsic documents reveal that a different Justice Department official authorized the application. *Chavez*, 416 U.S. at 573–74, 94 S.Ct. 1849. Thus, for purposes of § 2518(10)(a)(ii), it is sufficient that the official named in the order had the power to pre-approve wiretap applications. *Id*.

### A. This case is governed by Scurry.

In *United States v. Scurry*, 821 F.3d 1, 5 (D.C. Cir. 2016), the D.C. Circuit held that Title III mandates suppression of evidence derived from a wiretap where information expressly required by the statute was

omitted from the court order authorizing the wiretap. Scurry moved to suppress the fruits of wiretap orders on the grounds that the orders failed to identify the officials who pre-approved the underlying applications. *Id.* at 8. The orders specified a type of official authorized to pre-approve wiretap applications, namely, a Deputy Assistant Attorney General in the Criminal Division specially designated by the Attorney General, but failed to identify the authorizing official by name. *Id.* The D.C. Circuit held that the text of § 2518(4)(d) is "plain and unambiguous" with regard to the identification requirement; thus, each of the orders was "insufficient on its face" under 18 U.S.C. § 2518(10)(a)(ii). *Id.*

The *Scurry* court rejected the government's argument that a wiretap order is not facially insufficient where the missing information is supplied by other materials submitted to the issuing judge, such as the application. *Id.*, 821 F.3d at 9. The court observed that the facial sufficiency inquiry is limited to the four corners of the wiretap order. *Id.,* citing *Chavez*, 416 U.S. at 573–74, 94 S.Ct. 1849, and *Giordano*, 416 U.S. at 525 n. 14, 94 S.Ct. 1820. The court of appeals further noted that the order is the "operative document in the field" such that law enforcement agencies and service providers may rely on the order, but

not the application, as a defense to civil and criminal liability. *Id.* at 10-11. Parties executing such orders must be able to confirm proper compliance with the authorization requirements. *Id.* at 11.

The D.C. Circuit also dispensed with the government's argument that the orders were sufficient because they identified the authorizing official by title, namely a Deputy Assistant Attorney General of the Criminal Division. *Id.*, 821 F.3d at 11. The court of appeals observed that § 2518(4)(d) requires that the wiretap order provide the "identity ... of the person " who authorized the application, and numerous individuals held the title specified in the orders. *Id.* at 11-12.

Finally, the court of appeals rejected the government's assertion that suppression was not required because the deficiencies did not implicate the "core concerns" of Title III. In *Giordano* and *Chavez*, the Supreme Court held that when a wiretap is challenged as "unlawfully intercepted" under § 2518(10)(a)(i), suppression is required only when the government fails to comply with "those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this

extraordinary investigative device." *Giordano*, 416 U.S. at 527, 94 S.Ct. 1820 (limiting suppression remedy to those errors that implement Congress' core statutory concerns in enacting the wiretap statute); *Chavez*, 416 U.S. at 574–80, 94 S.Ct. 1849. But the D.C. Circuit held in *United States v. Glover*, 736 F.3d 509, 513 (D.C. Cir. 2013), that this functional "core concerns" test did not apply under the facial-insufficiency ground of § 2518(10)(a)(ii). Instead, suppression is the mandatory remedy when evidence is obtained pursuant to a facially insufficient warrant without regard to the "core concerns" analysis. *Scurry*, 821 F.3d at 13; *Glover*, 736 F.3d at 513.

Accordingly, the D.C. Circuit held that suppression is required where a wiretap order fails to identify the Justice Department official who approved the underlying application, as required by § 2518(4)(d). *Id.,* 821 F.3d at 14.

B. DAHDA ENDORSED THE ANALYSIS IN GLOVER AND SCURRY.

Courts in other circuits have been hesitant to adopt the mechanical, mandatory application of Title III's exclusionary rule employed by the D.C. Circuit. Such courts continued to employ the "core concerns" analysis to all suppression claims, not just to those brought pursuant to the "unlawfully intercepted" ground under § 2518(10)(a)(i). *See*, *e.g.*,

*United States v. Friend*, 14-03106-01, 2017 WL 6947861, at *3 (W.D. Mo. Dec. 8, 2017), report and recommendation adopted, 2018 WL 445121 (W.D. Mo. Jan. 16, 2018) (noting that the *Scurry* decision is an outlier among the circuits, all of which have applied the "core concerns" analysis in finding similar facts do not warrant suppression because the violation is nothing more than a technical defect); *United States v. Gatto*, 17-CR-686 (LAK), 2018 WL 1801313, at *3 (S.D.N.Y. Mar. 26, 2018) (rejecting the "mandatory remedy prescribed in *Glover* and *Scurry*" and holding that facial insufficiency of an order does not warrant suppression if the insufficiency resulted from a "mere technical error").

    The recent Supreme Court decision, *Dahda v. United States*, 138 S.Ct. 1491, 200 L. Ed. 2d 842 (2018), has resolved this dispute by expressly adopting the analysis in *Glover*. The Dahdas sought to suppress wiretap evidence on the grounds that each wiretap order was "insufficient on its face." Specifically, the orders authorized interception "outside the territorial jurisdiction" of the authorizing judge even though the statute normally allows a judge to authorize wiretaps only within his or her "territorial jurisdiction." *Dahda*, 138 S.Ct. at 1494; § 2518(3). The Tenth Circuit had rejected the claim

because it concluded that the defect did not transgress the "core concerns" of the wiretap statute. *Id*. at 1496.

The Supreme Court found the Tenth Circuit's analysis too narrow. The Court clarified that its "core concerns" analysis applies only to claims brought under the first subparagraph of § 2518(10)(a) for communications that were "unlawfully intercepted." *Id*. at 1497. The Court pointed out that the reason for the "core concerns" limitation in *Giordano* was to give independent meaning to each of § 2518(10)(a)'s subparagraphs; otherwise the "unlawfully intercepted" ground in the first subparagraph would render the second and third subparagraphs superfluous. *Id*. at 1497-98. Quoting *Glover*, the Court reasoned that it made little sense to extend the core concerns test to subparagraph (ii) because doing so would "actually treat that subparagraph as 'surplusage'—precisely what [this] Court tried to avoid in *Giordano*." *Id*. at 1498, quoting *Glover,* 736 F.3d at 514. Accordingly, the Supreme Court held that "[t]he statute means what it says" and subparagraph (ii) requires suppression where an order is "insufficient on its face," without regard to the "core concerns" analysis. *Id.*; § 2518(10)(a)(ii).

   The Supreme Court noted that under § 2518(4) an order must itself contain specified information, including the identity of the "person authorizing the application." *Id*. at 1495. Accordingly, the Court held that "[i]t is clear that subparagraph (ii) covers at least an order's failure to include information that § 2518(4) specifically requires the order to contain." *Id.*, 138 S.Ct. at 1498; citing § 2518(4)(a)-(e). "An order lacking that information would deviate from the uniform authorizing requirements that Congress explicitly set forth, while also falling literally within the phrase 'insufficient on its face.'" *Id*. at 1498. The Court ultimately found that suppression was not warranted under § 2518(10)(a)(ii) because the order did not lack any of the required information; instead, the erroneous statement in the order was surplus. *Id*. at 1498-99.

### Conclusion

Per *Scurry* and *Dahda,* the wiretap orders in this case are facially insufficient because they fail to identify the authorizing Justice Department official, and suppression of the contents of the intercepted communications and all evidence derived therefrom is mandatory pursuant to 18 U.S.C. § 2518(10)(a)(ii).

## Prayer

For those reasons, please suppress the contents of all intercepted communications, and all evidence derived therefrom.

Thank you,

_____
Mark W. Bennett
SBN 00792970
Bennett & Bennett
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com
Attorney for Mr. Worrell

## Certificate of Service

A copy of this pleading was emailed to all counsel of record before it was filed with this Court.

_____
Mark W. Bennett